UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EUPHRATES EARL BEAN,
*Petitioner*,

v.                                             1:25-cv-00760-MSN-WBP

C. DOTSON,
*Respondent.*

MEMORANDUM OPINION

Euphrates Earl Bean ("Petitioner" or "Bean"), a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his December 9, 2021, convictions in the Circuit Court of the City of Norfolk, Virginia, for two counts of aggravated malicious wounding, and two counts of use of a firearm in the commission of a felony. ECF 1. On May 19, 2025, Respondent filed a Motion to Dismiss, Rule 5 Answer, and a brief in support, with exhibits.[1] ECF 8–10. On May 21, 2025, the Court advised Bean of his opportunity to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), ECF 11, to which he has filed several responses. ECF 14–21, 23, 25, 31–42.[2] This matter is now ripe for disposition and, for the reasons that follow, Respondent's Motion to Dismiss must be granted and the Petition dismissed with prejudice.

**I. Procedural History**

On March 10, 2020, Bean was convicted of two counts of aggravated malicious wounding, in violation of Virginia Code § 18.2–51.2; and two counts of use of a firearm in the commission of

---

[1] On December 23, 2025, Respondent filed an amended motion to dismiss to comply with habeas Rule 5(c). ECF 29. Petitioner was advised that he had twenty-one days to respond. ECF 26.

[2] On August 6, 2025, the Court denied several motions, ECF Nos. 14, 15, 16, 17, and 20; dismissed ECF 18 as moot; and found ECF 19 was timely filed. ECF 22.

a felony, in violation of Virgina Code § 18.2–53.1. ECF 10–1; *Commonwealth v. Bean*, Case Nos. CR19–2258–02 through –05. On December 9, 2021, the trial judge sentenced him to twenty years in prison for each aggravated malicious wounding, three years in prison for one firearm charge, and five years in prison for the other. *Id.* at 2. The trial judge suspended fifteen years of each aggravated malicious wounding conviction, which reduced the active forty–eight years in prison to eighteen years in prison. *Id.* After his convictions, Bean elected to proceed *pro se*, noted his appeal, and requested that transcripts be prepared. *Bean v. Commonwealth*, No. 0307–22–1, 2022 WL 17586737, at *1 (Va. Ct. App. Dec. 13, 2022). The transcripts, however, were not filed in the circuit court until after the time to do so specified in Rule 5A:8(a). *Id.* at *1–2. While the appeal was pending, Bean requested that the Circuit Court appoint counsel for him. *See* ECF 10-2 at 5. Bean subsequently received appointed counsel who filed an amended brief on his behalf. ECF 28-2.

The Virginia Court of Appeals summarized the evidence in the record and the procedural history as follows:

> Following an altercation that occurred in the city of Norfolk on August 29, 2019, Norfolk Police Detective T. Ostulano obtained criminal warrants charging Bean with two counts of malicious wounding and two counts of use of a firearm in the commission of a felony. Ostulano's accompanying criminal complaint asserted:
>
> On 08/29/19 at 2101 hours, the Norfolk Police Department, along with Norfolk Fire & Rescue, responded to the 2900 block of Pershing Avenue for a shooting in progress. Upon arrival, emergency personnel located Euphrates Bean, Jedidiah Patterson, and Brian Thigpen suffering from gunshot wounds. Three separate medic units transported all the gunshot victims to Sentara Norfolk General Hospital. Witnesses stated that Euphrates Bean came out of 3240 Lyons Ave. Apt B to confront the victims for being too loud. He began taking pictures of the license plate of a car belonging to one of the victims. A verbal altercation ensued between them and the argument escalated when Bean pulled out a hand gun and began shooting at the victims. Bean shot himself in the leg in the process. Victims were not armed at the time of the incident.

2

> Thereafter, a Norfolk grand jury issued indictments for each offense.[]
>
> Following a bench trial, the circuit court convicted Bean of two counts of aggravated malicious wounding and two counts of use of a firearm in the commission of a felony. By final order dated December 9, 2021, the circuit court sentenced Bean to 48 years in prison, with 30 years suspended. Bean's attorney filed a notice of appeal on December 20, 2021. The notice of appeal indicated that Bean would pursue his appeal *pro se* and stated that Bean had not yet ordered the transcript from the court reporter who reported the case. On March 10, 2022, the Norfolk Circuit Court transmitted the record to this Court. The trial and sentencing transcripts were not included in that transmission.

*Bean*, 2022 WL 17586737, at *1. On appeal, Bean challenged the sufficiency of the evidence to support his conviction. *Id.* The Court of Appeals concluded that Bean had waived his sufficiency arguments by failing to timely file the transcripts of his trial proceedings or a statement of facts and affirmed his convictions. *Id.* at *2.

Bean's counsel filed an appeal before the Supreme Court of Virginia, arguing that the Virginia Court of Appeals had erred in refusing to consider the merits of Bean's sufficiency argument due to the untimely filing of the transcripts while Bean had been proceeding *pro se*. ECF 28-5. The court refused his appeal on May 5, 2023. *Bean v. Commonwealth*, No. 230020, 2023 WL 6631555 (Va. 2023). The United States Supreme Court denied Bean's *pro se* petition for a writ of certiorari on October 10, 2023. *Bean v. Virginia*, 144 S. Ct. 315 (2023).

On November 1, 2023, Bean, proceeding *pro se*, filed a habeas petition in the Virginia Supreme Court, that raised four claims:

1) "The Fourteenth Amendment to the Constitution of the United States prohibits conviction in a criminal trial 'except upon proof beyond a reasonable doubt.' Every material element of the offense must be proven beyond a reasonable doubt before the accused can be convicted."

2) "The prosecution did not establish *corpus deliciti* beyond a reasonable doubt. Bean shot himself and two aggressors. The self–inflicted wound infers fear or suicide. Fear or rage negates malice. Suicide negates intent in

accordance with 38 CFR 3.302. Unlawful wounding is the only conviction allowed by law since malice or intent is negated."

3)   "Bean, pleaded during sentencing for concurrent sentences."

4)   "Counsel asked, for an appeal to attain the ends of justice, during sentencing."

ECF 10–8 at 4–5. The court dismissed the petition on February 5, 2024, determining that Bean's claims were barred because a petition for writ of habeas corpus may not be employed as a substitute for an appeal. ECF 10–9. The court further concluded that, to the extent Bean's fourth claim asserted ineffective assistance of counsel, his claims lacked adequate support. *Id.*

## II. The Federal Petition

On April 14, 2025, Bean, proceeding *pro se*, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in this Court, which raised the following claims:

1)   "Habeas Corpus Act of 1679—imposes severe penalties on any judge who refuses without good cause, as well as on any officer or other person failing to comply with the Act."

2)   "The 14th Amendment to the Constitution of the United States prohibits conviction in a criminal trial 'except upon proof beyond a reasonable doubt.'"

3)   "Ineffective Assistance of Counsel; My witnesses were present and sworn, yet, were not called to testify. Also, my only Exhibit was sealed! Therefore, No Defense!"

4)   "The decision was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States."

5)   "Castle Doctrine."

6)   "Mens Rea. 'Explicitly stated going to give evidence to the police.'"

7)   "38 CFR 3.302, 12 VAC 12–35–20 (suicide attempt) based on the Commonwealth's version."

8)   "Self–Defense. 'Going to give evidence to the police.' Pages 128 and 129. 18 U.S.C. § 241, Conspiracy against rights, 18 U.S.C. § 242, Deprivation of Rights Under Color of Law."

9)   "Deprivation of Rights Under Color of Law. The judge and the prosecutor heard the Commonwealth's witnesses state my intention to contact law

4

enforcement with the information I gathered. Regardless, that did not mitigate the charges or the sentences.

10) "42 U.S.C. § 1981. Equal Rights Under the Law. '. . . give evidence . . . security of person and property . . . .'"

11) "He (the judge) acknowledged my 'right to appeal' then he ordered the 'destruction of the exhibits' on the day of 'Sentencing order' pursuant to Virginia Code Section 19.2–270.4. Transcripts available!! I think this is why he denied my 1st amendment right (access to the courts)."

12) "'access to the courts' denied."

13) "Suppression of Evidence pursuant to Virginia Code 19.2-270.4"

14) "Timothy Williams would provide new evidence and proof of my innocence."

15) "Va. Code Ann. § 18.2-419."

16) "Va. Code Ann. § 18.2-416."

17) "Va. Code Ann. § 18.2-406."

18) "Va. Code Ann. § 18.2-405."

19) "Va. Code Ann. § 18.2-38."

20) "Va. Code Ann. § 18.2-42.1."

ECF 1 at 5, 6, 8, 9; ECF 1–2 at 1–2, 23, 24, 27, 29, 31, 35; ECF 2 at 4.[3] In support of his assertion

that his Petition is timely, Bean stated in his Petition that he

> was under the impression that Federal Habeas Corpus was for federal judgments and State Habeas Corpus was for state judgments. Also, due to transfers to two different prisons, waiting for property to arrive after transfers and limited access to the law libraries, research availability has been restricted. Therefore, due diligence is/was hindered for security reasons; as [Bean] has no control of liberty, and the amount of due diligence exercised is restricted.

ECF 1 at 13.[4]

---

[3] It is "the district court's duty to consider only the specific claims raised in a § 2254 petition." *See Folkes v. Nelsen*, 34 F.4th 258, 269 (4th Cir. 2022); *Frey v. Schuetzle*, 78 F.3d 359, 360–61 (8th Cir. 1996) ("[D]istrict courts must be careful to adjudicate only those claims upon which the petitioner seeks relief and take care not to decide claims upon which the habeas petitioner never intended to seek relief.").

[4] Bean supplemented his Petition on July 28, 2025, and August 8, 2025. EFC 21, 23. Bean also filed a "Motion Opposing Obstacle and Back to the Wall," ECF 25, which the Court construes to be a brief in support of his claims regarding self–defense. The Court has considered these arguments in reviewing Bean's § 2254 Petition, as well as his other filings and the state court records.

### III. Statute of Limitations

Respondent seeks dismissal of the federal habeas Petition as untimely. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for a writ of habeas corpus must be dismissed if it is filed more than one year after (1) the judgment becomes final; (2) any state–created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). This period generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(1)(A), (d)(2).

Petitioner's direct appeal concluded on October 10, 2023, when the United States Supreme Court refused his petition for certiorari. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, under § 2244(d)(1)(A), a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Bean's one-year period thus ended on October 10, 2024. Because Bean did not file his Petition until April 14, 2025, absent statutory tolling, equitable tolling, or a showing of actual innocence, his Petition is untimely.

*A. Statutory Tolling*

In calculating the one–year period, the Court must exclude the time during which properly filed state collateral proceedings are pending. *See* 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Bean filed his state habeas petition on November 1, 2023, it was dismissed on February 5, 2024, which left 343 days until the federal statute of limitation elapsed on Wednesday,

6

January 13, 2025. Bean did not file his federal habeas petition until April 14, 2025,[5] which is three months after the statute of limitations lapsed. Therefore, there is no basis for statutory tolling.

### B. Equitable Tolling

Equitable tolling is available only in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). To qualify for equitable tolling, a petitioner must demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way that prevented timely filing. *Pace*, 544 U.S. at 418. The second element requires a petitioner to establish that "the circumstance that caused [the] delay are both extraordinary *and* beyond [his] control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256 (2016).

Here, Bean argues ignorance, stating he was "under the impression that Federal Habeas Corpus was for federal judgments and State Habeas Corpus was for state judgments." ECF 1 at 13. But the Fourth Circuit has rejected the argument that a *pro se* prisoner's ignorance of the law is a basis for equitable tolling. *See, e.g.*, *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (explaining that, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Bean also argues that he is entitled to equitable tolling because he was "transfer[red] to two different prisons" and had "limited access to the law libraries." ECF 1 at 13. Bean, however, offers mere conclusory allegations and provides no specifics, such as when he was transferred and for how long his access was limited.[6] Moreover, "solitary confinement,

---

[5] Bean executed his § 2254 petition on April 14, 2025, which is the earliest it could have been received by the institution's mail room. ECF 1 at 15. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a pleading is deemed filed at the time a prisoner delivers it to the prison authorities for forwarding to the court clerk).

[6] *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (petitioner's conclusory equitable tolling claim is without merit when he provided no information, such as medical records, necessary to properly address the equitable tolling

lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances" warranting equitable tolling. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).[7]

In addition, the record establishes that most of the state and federal codes that Bean expressly cites in his federal Petition as the basis for his claims were available to him before he filed his *pro se* brief on direct appeal and his state habeas. His first and second federal claims, which raise whether there was sufficient evidence to sustain his conviction, correspond to his first state habeas claim. *See* ECF 28–9 at 4. His third federal claim raising ineffective assistance of counsel for failure to call witnesses and unseal exhibits was known to Bean at the time of his trial, and he did not pursue the claim in his state habeas petition. His fourth federal claim states the standard of review for a federal habeas petition, and is not an independent claim. His sixth federal claim, "mens rea"; seventh federal claim, "38 CFR 3.302, 12 VAC 12–35–20 (suicide attempt)," and eighth federal claim "Self–Defense (18 U.S.C. §§ 241 and 242)," are all issues he raised on direct appeal. ECF 28-2 at 9-11; ECF 28-7 at 9. His nineth and tenth federal claims, "Deprivation of Rights Under Color of Law," and "Equal Rights under the Law," are based on conduct that occurred at trial and merely quote from 42 U.S.C. § 1981, which Bean raised on direct appeal. ECF 28-7 at 9. Finally, federal claims eleven through thirteen, which allege that the trial judge's order regarding the "destruction of exhibits" denied him "access to the courts" and amounts to

---

issue); *Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001) (conclusory assertions rarely will suffice to meet the burden of demonstrating entitlement to equitable tolling).

[7] *See also*, *e.g.*, *Booker v. Clarke*, No. 3:21-cv-212, 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022) (concluding that a petitioner's "vague arguments concerning his lack of physical access to the law library do not entitle him to equitable tolling") (citing *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011)); *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004) ("[P]rison conditions, such as lockdowns or misplacement of legal papers, [are not] normally grounds for equitable tolling.").

"suppression of evidence" and are facts that Bean knew about following his trial and yet did not pursue on direct appeal.[8]

In sum, the overwhelming majority of the statutes and legal arguments relied upon in this Petition were known to and available to Bean during his direct appeal because he cited them; he argued the claim; or knew about the basis of the alleged claim at the time of trial and chose not to pursue it. Bean, therefore, has not shown the combination of diligence and external obstacles that would entitle him to equitable tolling.[9]

### D. Actual Innocence

A petitioner may still overcome a procedural time–bar by making "a convincing showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The threshold required to prove actual innocence is high. *Id.* at 396. A claim of actual innocence must be supported by new reliable evidence and "a petitioner must . . . demonstrate that the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt, such that his

---

[8] Bean was given express notice of the destruction of evidence in the judgment order. Ex. 10-1 at 3. Moreover, the Court has examined the state court records filed in this matter. There were thirteen exhibits introduced by the prosecution and one exhibit introduced by Bean's counsel. Digital and/or photographic copies of the Commonwealth's exhibits (medical records, the firearm, firearm and its parts broken down, ammunition, and the crime scene) are part of the record; and a digital copy of the exhibit Bean's counsel introduced (report) is also part of the record (under seal). The allegation that exhibits were destroyed is baseless. Indeed, Bean has actually attached most of the trial exhibits as exhibits to his various responses. ECF 1–2 at 4–9 (report); 25–1 at 3–5, 7–10 (pictures of crime scene, firearm, ammunition).

[9] The Court further notes that *Martinez v. Ryan*, 566 U.S. 1 (2012), does not allow Bean to pursue his ineffective assistance claim in this action. Under *Martinez*, a prisoner may establish cause for a default of an ineffective-assistance of trial counsel claim in two circumstances: (1) "where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial;" or (2) "where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)." 566 U.S. at 14. The *Martinez* exception does not apply to Bean because *Martinez* "'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1249 (11th Cir. 2014) (quoting *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir. 2014)); *Wilson v. Perry*, No. 1:14-cv-576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) ("*Martinez* . . . addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas proceeding. Thus, *Martinez* . . . [is] inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations."), *appeal dismissed*, 588 F. App'x 216 (4th Cir. 2014).

incarceration is a miscarriage of justice." *Teleguz v. Pearson*, 689 F.3d 322, 329 (4th Cir. 2002) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Additionally, "a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999)); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.").

Claim 14 of Bean's federal Petition appears to be a claim of actual innocence. but Bean has failed to make a proper proffer of what alleged evidence his witness, Timothy Willliams, may be able to provide. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding that an appellant's failure to "advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify" was fatal to his ineffective assistance of counsel claim). "[A] claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Here, Bean has presented no reliable new evidence. *See Schlup*, 513 U.S. at 316. Given that Bean has made only a conclusory allegation of actual innocence, summary dismissal of this time–barred Petition is appropriate. *See Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (en banc) (concluding that "because the petitioner did not present sufficient evidence of actual innocence to permit him to pass through the *Schlup* gateway and to argue the merits of his time-

barred claims, we reverse the judgment of the district court and remand with instructions to dismiss [the] petition as untimely. We need not, and do not, reach any other question").

### IV. Pending Motions

Bean has twelve pending motions, all of which are either meritless, repetitive, or frivolous. First, his "Motion Opposing Obstacle and Back to the Wall," ECF 25, is frivolous. Bean asserts a defense (Castle Doctrine) that should have been raised at trial asserting that his use of force (shooting both victims) was warranted because "he retreated to the wall," even though he admits it was just to the curb.[10] As a result, motion will be denied.

Second, Bean's motion to "Grant Petition for a Writ of Habeas Corpus Immediately," primarily argues that his Petition is timely and that the statute of limitations should not apply. ECF 32. The Court will deny the motion for the reasons stated above.

Third, Bean asks this Court to grant him an evidentiary hearing. ECF Nos. 33, 34. However, under Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court may determine, in its discretion, whether an evidentiary hearing is required. The Fourth Circuit has held that a district court has "broad" discretion in determining whether a hearing is needed. *See Maynard v. Dixon*, 943 F.2d 407, 411–12 (4th Cir. 1991). The Court concludes that no hearing is required, as the legal issues presented by the § 2254 petition have been adequately briefed and the historical record is sufficient to decide those legal issues.

---

[10] The Castle doctrine provides that, "[i]f while lawfully preparing to defend himself in his home, the homeowner accidentally kills the intruder, he still may be entitled to acquittal on the grounds of self–defense" because "'the killing is not purposely done. It is simply the result of the defense.'" *Stokes v. Commonwealth*, No. 1400–23–2, 2024 WL 4743355, at *4 (Va. Ct. App. Nov. 12, 2024) (quoting *Lienau v. Commonwealth*, 818 S.E.2d 58, 68 (Va. Ct. App. 2018)). The Castle Doctrine has no application here as Bean was outside of his dwelling on the street at the time of the shooting.

Fourth, Bean seeks to have his indictments dismissed on the basis of the composition of the grand jury. ECFs 35, 36. Bean's argument consists of cuts and pastes of legal phrases, cites a law journal, discusses veterans' rights, and the size of the Norfolk Naval base. He also includes assertions than women and gun owners are underrepresented in grand and petit juries. ECF 35 at 2–3. The Court will deny his motions as they are beyond the scope of his untimely Petition, without a basis in fact, the alleged issues have been defaulted.

Fifth, Bean presents a "Jurisdictional Challenge" under Federal Rule of Civil Procedure Rule 12(b)(2). Bean argues, among other things, that the state did not allow "self defense as a matter of law," his counsel was ineffective for not pursuing his self–defense theory under the Castle Doctrine, and he has the "right to bear arms." ECF 37 at 1–2. The Court construes his challenge as an attempt to amend his Petition to raise a new claim.

Under Federal Rule of Civil Procedure 15(a), "leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). For purposes of habeas petitions, rules regarding amended petitions are governed by the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 (providing that petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Mayle v. Felix*, 545 U.S. 644, 654–55 (2005). However, "[w]here the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied." *Pittman*, 209 F.3d at 317. "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the [same] conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 645 (alteration in original) (quoting Fed. R. Civ. P. 15(c)). Here, the original pleading is itself untimely, which renders amendment futile. The Court will therefore dismiss his motion.

12

Sixth, Bean seeks "equitable tolling," ECF 38, which the Court has already determined is not warranted. Accordingly, his motion will be denied.

Seventh, Bean requests that this Court pursue criminal charges[11] against the Norfolk Circuit Court. ECF 39. The motion is frivolous and will be denied.

Eighth, Bean requests oral argument. The Court has reviewed the records, Bean's pleadings, the Respondent's motion and exhibits, and determined that oral argument is not necessary in this matter.

Bean's final two motions—to read and interpret the Virginia Supreme Court Rules and "Vaughan Index"—are likewise frivolous and will be denied. ECF 40, 41.

## V. Conclusion

For the foregoing reasons, Respondent's Amended Motion to Dismiss (ECF 29) will be granted, the motions in ECF Nos. 25, 32–43 will be denied, and the Petition will be dismissed by an order to be issued with this Memorandum Opinion.

/s/
_____
Michael S. Nachmanoff
United States District Judge

March 18, 2026
Alexandria, Virginia

---

[11] Private citizens "'lack[] a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973); *Rodriguez v. Salus*, 623 F. App'x 588, 589 n.1 (3d Cir. 2015) (finding that plaintiff's attempt to initiate criminal charges under 18 U.S.C. §§ 241 or 242 were properly dismissed because "there is no federal right to require the government to initiate criminal proceedings").

13